1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7  BETH D. KAMSTRA,

8                          Plaintiff,          No.    2:13-CV-00359-WFN

9          -vs-                                ORDER GRANTING DEFENDANT'S
                                               MOTION FOR SUMMARY
10 CAROLYN  W.  COLVIN, Commissioner           JUDGMENT
   of Social Security,[1]
11
                         Defendant.
12

13        Before the Court are cross-Motions for Summary Judgment (ECF Nos. 14 and 15).

14 Attorney Joseph Linehan represents Plaintiff.  Special Assistant United States Attorney

15 Jeffrey Staples represents Defendant.  The Court has reviewed the administrative record

16 and briefs filed by the parties and is fully informed.

17                                **JURISDICTION**

18        Plaintiff protectively applied for supplemental security income benefits [SSI] on

19 July 28, 2010 alleging disability beginning on November 1, 2008, due to physical and

20 mental impairments.[2]  The application was denied initially and on reconsideration.

21        _____

22        [1]Carolyn W. Colvin became the Acting Commissioner of Social Security on

23 February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure,

24 Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No

25 further action need be taken to continue this suit by reason of the last sentence of 42

26 U.S.C. § 405(g).

27        [2]At the hearing, Plaintiff amended the onset date of disability to February 23, 2009.

28 (Tr. at 17, 78-79.)

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 1

A hearing was held before Administrative Law Judge (ALJ) Caroline Siderius on June 7, 2012.  At the hearing, Plaintiff, represented by attorney Maureen Rosette, testified as did Deborah Lapoint, a vocational expert (VE).  At an earlier hearing, which Plaintiff failed to attend, the ALJ heard testimony from medical expert John Morse, M.D.  The ALJ concluded that Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner.  Pursuant to 42 U.S.C. § 405(g), this final decision is appealable to the district court.  Plaintiff sought judicial review on October 11, 2013.

## FACTS

The facts of the case are set forth in detail in the transcript of the proceedings and are briefly summarized here.

Plaintiff was 42 years old at the time of the hearing.  (Tr. at 18.)  Plaintiff did not graduate from high school but obtained her GED in 1988. (Tr. at 31.)  Plaintiff last worked in 2007 for a telemarketing company and part-time at an animal shelter.  (Tr. at 18, 41.)

Plaintiff reports pain in her knees (allegedly caused by osteoarthritis) and hips (allegedly caused by bursitis).  (Tr. at 19.)  Plaintiff claims to suffer from seizures and panic attacks.  (Tr. at 25.)  Plaintiff states that she has two to three petit seizures per month and panic attacks three to four times per week.  (Tr. at 32, 38.)  Plaintiff also claims to suffer from urinary incontinence, which requires her to wear pads and pull-ups and to go to the bathroom every half an hour.  (Tr. at 34.)  Plaintiff reports having severe depression and difficulty sleeping.  (Tr. at 30, 35-36.)

Plaintiff takes over-the-counter medications—Ibuprofen and muscle relaxers—to help with her bodily pain, but apparently does not take any prescription medication.  (Tr. at 20.)  Plaintiff takes Tegretol for her seizures, which helps to some extent, and Paxil for her panic attacks.  (Tr. at 25, 38.)    Plaintiff last received mental health counseling in 2004.  (Tr. at 36.)

At home, Plaintiff helps with the dishes, prepares simple meals, cleans, does laundry, and cares for teenage son and her boyfriend.  (Tr. at 24, 230-31.)  Plaintiff spends

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 2

most of her free time at a women's shelter where she crotchets, sews, talks to friends, and reads (although she sometimes does not remember what she reads).  (Tr. at 23.)  Plaintiff mostly sits, but has to walk periodically so her hips "don't tighten up." (Tr. at 23.)

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. § 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform.  *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193-94 (9th 2004).  If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 416.920(a)(4)(i-v).

## ADMINISTRATIVE DECISION

At step one, the ALJ determined that Plaintiff did not engage is substantial gainful activity since July 28, 2010, the application date.

At step two, the ALJ found that Plaintiff had the following severe impairments: spinal osteoarthritis, hip bursitis, obesity, depression, anxiety, and nocturnal seizures.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments described at 20 C.F.R. Part 404, Subpart P, Appendix 1(20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 3

At step four, the ALJ found that Plaintiff had the residual functional capacity [RFC] to perform light work subject to several exertional and social limitations. The ALJ concluded that Plaintiff was unable to perform past relevant work.

At step five, the ALJ concluded that, given Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including work as a mail clerk or office helper.

## STANDARD OF REVIEW

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo. Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. [*Tackett*, 180 F.3d at 1097]. Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the ALJ did not apply the proper legal standards in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 4

support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ISSUES

1. Did the ALJ err in finding Plaintiff not credible and by discounting Plaintiff's subjective complaints about the extent of her impairments?

2. Did the ALJ err in evaluating the medical evidence concerning Plaintiff's mental impairments?

## DISCUSSION

**1. Did the ALJ err in finding Plaintiff not credible and by discounting Plaintiff's subjective complaints about the extent of her impairments?**

Plaintiff argues that the ALJ erred by finding her not credible and rejecting her subjective complaints concerning her physical and mental impairments. The Court disagrees.

It is generally the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. "To determine whether the claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider, for example: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and, (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "specific, clear and convincing" reasons for rejecting the claimant's testimony about the severity of the symptoms. *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

In addition to the symptoms discussed *supra* in the statement of facts, Plaintiff reported that she was able to (1) stand for 30-40 minutes before having to sit down, Tr. at 24; (2) sit for about 45 minutes before she has to get up and walk around, Tr. at 33; (3) walk for five to six blocks before she needs to rest, Tr. at 33; (4) bend over to

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 5

pick something up off the ground, but cannot squat on account of her knees, Tr. at 33-34; and, (5) follow written instructions, but only after reading them several times, Tr. at 235. Plaintiff also reported that she was forgetful, easily confused, and sometimes unable to learn new things or remember simple instructions (such as basic recipes). (Tr. at 232-35.)

The ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her impairments were not credible to the extent they were inconsistent with the ALJ's assessed RFC. (Tr. at 61.) The ALJ reasoned (1) the objective medical evidence does not fully support the level of limitation claimed by Plaintiff, (2) certain forms of treatment alleviated Plaintiff's symptoms, and (3) Plaintiff failed to comply with recommended treatment regarding her seizures. (Tr. at 61-62.) In discussion of the medical evidence, the ALJ also referenced Plaintiff's ability to perform activities of daily living, which is a factor the ALJ can consider in evaluating credibility. The ALJ cited to one medical report where the doctor was concerned that Plaintiff was malingering. (Tr. at 65 (citing [Tr. at 427].)

The ALJ provided clear and convincing reasons for finding Plaintiff not credible.

The ALJ's first reason for questioning Plaintiff's credibility, i.e., that Plaintiff's complaints are not supported by objective evidence, is sound. Regarding Plaintiff's physical limitations, substantial evidence in the record supports the conclusion that Plaintiff is not physically disabled. For instance, in August 2009, Peter Weir, M.D. completed a physical evaluation of Plaintiff and found that Plaintiff had some functional postural limitations caused by arthritis and lumbosacral strain. Despite these impairments, Dr. Weir opined that Plaintiff could walk for about six hours in an eight hour day with some breaks, sit for six hours in an eight hour day with breaks every two hours, would not require an assistive device, could lift 20 pounds occasionally and 10 pounds frequently, and engage in manipulative activities. (Tr. at 453-54.) In October 2010, Dr. Weir again examined Plaintiff and concluded that she had "no functional limitations." (Tr. at 518.) Regarding Plaintiff's mental impairments, as discussed in more detail *infra*, substantial

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 6

evidence supports the conclusion that Plaintiff's depression and anxiety do not preclude Plaintiff from working.

The ALJ's second reason for questioning Plaintiff's credibility, i.e., that most of Plaintiff's symptoms can be controlled with medication, is also sound. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff reported that Paxil decreases her panic attacks. (Tr. at 38.) Plaintiff reported that Tergretol also helps her seizure disorder. (Tr. at 25.) (Prior to the relevant period, Plaintiff's seizure disorder was also apparently well-managed by Carbatrol. (Tr. at 599.)) Plaintiff also reported that Oxybutynin helped her urinary incontinence, as did losing weight. (Tr. at 624.)

The ALJ was also justified in questioning Plaintiff's credibility on the grounds that Plaintiff did not follow a prescribed course of treatment. The ALJ pointed out that although Plaintiff was advised to start physical therapy, there is no record that Plaintiff attempted any type of physical therapy. (Tr. at 63 (citing [Tr. at 492]).) The ALJ also noted that Plaintiff failed to take her seizure medication, Tegretol, as prescribed. (Tr. at 62 (citing [Tr. at 312, 418]).) Plaintiff stated that she stopped taking her seizure medication because she could not afford it. It is true that a negative credibility determination cannot be based on a claimant's failure to undergo treatment when the claimant cannot afford the treatment. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). But, as noted by the ALJ, Plaintiff has taken a variety of prescription medication over a lengthy period of time even though Plaintiff has had a limited income. Because substantial evidence in the record indicates that Plaintiff has been able to obtain prescription medication, her assertion that she could not afford her seizure medication does not excuse her failure to take the medication.

Finally, the ALJ referenced Plaintiff's ability to perform activities of daily living at multiple points in the ALJ's opinion. Plaintiff reported that she is capable of doing a variety of household chores and leisure activities, able to shop and keep appointments

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 7

outside the home, and able to interact with other people.  The fact that Plaintiff seems to have few difficulties performing such activities is another valid reason for the ALJ to not fully credit Plaintiff's subjective complaints.  *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[I]t would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent him from working" when the claimant can perform "household chores and other activities that involve many of the same physical tasks as a particular type of job").

In conclusion, the Court finds that the ALJ provided clear and convincing reasons for finding Plaintiff not credible and did not err in discounting Plaintiff's subjective complaints.

**2.  Did the ALJ err in evaluating the medical evidence concerning Plaintiff's mental impairments?**

Plaintiff argues that Plaintiff has greater mental impairments than those found by the ALJ.  Plaintiff argues that the ALJ erred in evaluating the medical evidence concerning Plaintiff's mental impairments, specifically the opinions of Drs. Moua, Arnold, and Chandler.  The Court disagrees.

In weighing medical source opinions, the ALJ should distinguish between three different types of doctors: (1) treating doctors, who actually treat the claimant; (2) examining doctors, who examine but do not treat the claimant; and (3) nonexamining doctors who neither treat nor examine the claimant.  *Lester*, 81 F.3d at 830.  The ALJ should give more weight to the opinion of a treating doctor than to the opinion of an examining doctor.  *Orn*, 495 F.3d at 631.  The ALJ should give more weight to the opinion of an examining doctor than to the opinion of a nonexamining doctor.  *Id.*  Only acceptable medical sources, including licensed physicians and psychologists, can provide evidence to establish an impairment.  20 C.F.R. § 416.913(a).

When a doctor's opinion is not contradicted by another doctor, the ALJ may reject the opinion only for "clear and convincing" reasons.  *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991) (quoting *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989)).  When

a doctor's opinion is contradicted by another doctor, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the first doctor. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

The testifying medical expert, Dr. Morse, opined that Plaintiff was capable of working despite her medical impairments. Renee Thompson, Psy.D. and Mary Gentile, Ph.D. also concluded that Plaintiff's mental impairments were not severe enough to preclude work. (Tr. at 425-33.) Therefore, the ALJ was only required to provide "specific and legitimate reasons" before rejecting medical opinions contrary to Dr. Morse's.

### a. Ger K. Moua, Ph.D.

In March 2008, Dr. Moua completed a psychological evaluation of Plaintiff. Dr. Moua administered several tests in which Plaintiff scored in the "normal" range, although Plaintiff's Personality Assessment Inventory suggested that Plaintiff has "significant thinking and concentration problems, accompanied by prominent distress and dysphoria." (Tr. at 354-55.) Dr. Moua commented that Plaintiff "is likely to be a socially isolated individual" with "limited social skills," and that her "thought processes . . . [are] likely to be marked by confusion, distractibility, and difficulty concentrating." (Tr. at 356.) Dr. Moua opined that Plaintiff's depression would "impact her ability to work" to such an extent that Plaintiff would "not be able to stay focused enough to resume work for the next six months." (Tr. at 356-57.)

The ALJ gave "no weight" to Dr. Moua's opinion that Plaintiff was completely unable to work for six months. (Tr. at 65.) The ALJ reasoned this opinion was inconsistent with Dr. Moua's assessment of moderate limitations in Plaintiff's ability to perform work activities. (Tr. at 65.) The ALJ also noted that Dr. Moua's opinions were based largely on Plaintiff's (not-entirely-credible) self-report and Dr. Moua's notes reflect that Plaintiff did not have difficulty performing activities of daily living. (Tr. at 65.)

The ALJ gave specific and legitimate reasons for giving no weight to Dr. Moua's opinion that Plaintiff would not be able to stay focused enough to resume work for the next

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 9

six months.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (doctor's opinion may be discounted if it relies on a claimant's unreliable self-report); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (finding that an ALJ may cite internal inconsistencies in evaluating a physician's report); *Fair*, 885 F.2d at 603 ("[I]t would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent him from working" when the claimant can perform "household chores and other activities that involve many of the same physical tasks as a particular type of job").  Furthermore, even if the ALJ fully credited Dr. Moua's opinion, an impairment lasting six months is not sufficient to support a finding of disability.  *See* 42 U.S.C. § 1382c(a)(3)(A) (disability must be premised on medically determinable physical or mental impairments that have "lasted or can be expected to last for a continuous period of not less than twelve months").  The ALJ did not err in evaluating Dr. Moua's opinions.

### b.  John Arnold, Ph.D.

Dr. Arnold completed a psychological evaluation of Plaintiff in December 2009 and diagnosed Plaintiff with major depressive disorder and anxiety disorder.  (Tr. at 473.)  Dr. Arnold assessed Plaintiff with moderate limitations concerning her ability to stay focused, keep a schedule, and interact with others.  (Tr. at 472.)  Dr. Arnold found Plaintiff markedly limited regarding her motivation/interest, decision making ability, and in her ability to respond appropriately and tolerate the pressures and expectations of a normal work setting.  (Tr. at 472, 474.)  Dr. Arnold expected these impairments to last between nine and twelve months.  (Tr. at 475.)  Despite her limitations, Dr. Arnold opined that Plaintiff could "remember simple work-like procedures"; "understand, remember, and carry out simple and more complex verbal and written instructions"; "work best on her own and with special instruction"; "will be on time for appointment"; "ask simple questions and request assistance"; "be aware of normal hazards and take appropriate precautions."  (Tr. at 474.)  Dr. Arnold noted that Plaintiff was experiencing "significant emotional distress," caused at least in part by "her current life circumstances."  (Tr. at 476.)

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 10

The ALJ assigned "some weight" to Dr. Arnold's opinions to the extent that they were consistent with the ALJ's assessed RFC.  (Tr. at 66.)  The ALJ did not give Dr. Arnold's opinions greater weight because he only examined Plaintiff once and did not review any of her previous records.

The ALJ did not err in evaluating Dr. Arnold's opinions.  Although Dr. Arnold opined that Plaintiff's mental impairments would make it difficult for her to tolerate the pressures of the work place, Dr. Arnold did not explicitly conclude that Plaintiff was completely incapable of working.  In fact, Dr. Arnold assessed Plaintiff with mostly mild limitations in areas of cognitive function and moderate limitations in social functioning. And Dr. Arnold's "medical source statement" appears to endorse the opinion that Plaintiff is actually capable of working, albeit "on her own and with special instruction."  (Tr. at 474.)    Furthermore, like Dr. Moua, Dr. Arnold did not expect Plaintiff's mental impairments to last longer than one year.  (Tr. at 475.)  The Court finds that Dr. Arnold's opinions are largely consistent with the ALJ's RFC determination and the ALJ did not err in evaluating Dr. Arnold's opinions.

### c.  Samantha Chandler, Ph.D.

Dr. Chandler completed a psychological evaluation of Plaintiff in October 2010. Dr. Chandler diagnosed Plaintiff with major depressive disorder and anxiety disorder NOS, but stated that both these conditions appeared to be treated by medication.  (Tr. at 512.)  Dr. Chandler noted Plaintiff may suffer from physical pain and lack of motivation, and may have problems interacting appropriately with supervisors, coworkers, and the public.  (Tr. at 513.)  Dr. Chandler opined that Plaintiff's memory, concentration, ability to follow short, simple instructions, and executive functioning were all within normal limits. (Tr. at 513.)  Dr. Chandler also opined that "[Plaintiff's] intellect seems within the average range.  Her judgment seems good.  Her insight seems poor to fair."  (Tr. at 513.)

The ALJ gave "great weight" to Dr. Chandler's opinions, reasoning that Dr. Chanlder personally examined Plaintiff, reviewed her medical records, and her opinions are consistent with the record as a whole.  (Tr. at 66.)

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 11

Plaintiff argues that Dr. Chandler's opinions "suggest[] that [Plaintiff], based on her psychological issues, would have difficulty with being consistent in functioning appropriately within a work setting and sustaining attention and concentration."  ECF No. 14 at 14.  Plaintiff's argument appears to be based largely on Dr. Chandler's statement that

> [t]hough evidence suggest[s] a cognitive ability to function appropriately within a work setting and sustain concentration and attention over the course of a traditional work day/week, her ability to consistently access and utilize her abilities may be affected by her psychological issues.

(Tr. at 513.)   Although Plaintiff's interpretation of Dr. Chandler's opinion is not unreasonable, it seems to isolate Dr. Chandler's statements supporting Plaintiff's disability while ignoring Dr. Chandler's statements and opinions suggesting that Plaintiff's impairments are not serious enough to preclude work.   When a doctor's opinion is "susceptible to more than one rational interpretation," the Court must uphold the ALJ's findings.  *Molina*, 674 F.3d at 1111.  The Court finds that the ALJ did not err in evaluating Dr. Chandler's opinions.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error.  Accordingly

**IT IS ORDERED** that:

1.  Defendant's Motion for Summary Judgment, filed June 16, 2014, **ECF No.** 15, is **GRANTED**.

2.  Plaintiff's Motion for Summary Judgment, filed May 5, 2014, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide copies to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** this 29th day of July, 2014.

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

07-29-14

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 12